We'll hear argument next this morning in Case 09-996, Walker v. Martin. Mr. Marshall. Mr. Chief Justice, and may it please the Court, Charles Martin never adequately explained why he waited more than five years to present additional claims to the California Supreme Court. As such, it was no surprise that these claims were rejected as untimely. California employs a habeas corpus timeliness rule that merely requires reasonable diligence and disclosure. The rule is adequate under this Court's longstanding precedence, and the Ninth Circuit's decision to the contrary should be reversed. Well, what about the charge that, yeah, we can agree with you that in general, five years, it seems like a long time. But we have a brief from the Habeas Corpus Resource Center that says that in the five to six-year delay category, 62 percent are dismissed on the merits, and that you can't tell, sometimes they do it on the merits, sometimes they do it as time barred, and there's no rationale to when they do one or the other. Three brief responses, Your Honor. First is that to measure summary denials, you can't tell from a summary denial ruling what the Court was thinking about the time of delay. The second point is that delay in California is only half the equation. In California, there is the substantial delay, and then there's also the justification portion. So persons who operate under substantial delay still have an opportunity to justify that delay and gain the desired review. What was the third? Ginsburg. Would they have to justify the delay? First, I thought there was something about, well, if the time question is more difficult and the merits are easy, there's no merit, so we just decided there's no merit. California's policy is to take a first look at a habeas petition and determine whether it is as a prima facie case or whether procedural bars are apparent. A court that's denying a case on the merits isn't necessarily saying the matter was timely, and courts should be permitted to reach whatever is the most judicially efficient method of resolving such a question without it being held against them. Sotomayor So basically, you're taking the position or you're conceding that the California courts are not consistent in their application of the timeliness rule? No. Sotomayor Your brief doesn't even try to defend that position. Are you conceding that there is inconsistent application of the rule? No, Your Honor. The point that we're making is that when you look at a rule, whether you apply it or not or whether you impose it or not doesn't mean you're not applying the rule. For example, when trial courts review matters under the Fourth Amendment, a decision not to exclude the evidence doesn't mean they didn't apply the Fourth Amendment. In this case, if the trial court or if the reviewing court looks at the length of delay, and then they may look at the justification to determine that the delay  Sotomayor Well, I might be speaking for her, but I thought that the habeas corpus resource center brief showed that the court, the California court, did reach some cases where an explanation had not been proffered. And so it can't be just a simple rule that if you don't proffer an explanation, you won't get heard. So what's the next step in that? Why do they reach some and not others? The California Supreme Court, if a case is patently meritless, and perhaps the procedural question of timeliness is more complex. Sotomayor How could it be complex when there's no justification offered? The question of how long it was. Sotomayor Well, they pointed to a certain number of cases that were 5 years or above in delay where no justification was offered, and in some they reached the merit, and in others they applied the procedural bar. So how is that consistent? Well, the State court has discretion to determine on procedural grounds or on the merits. Scalia Is there some Federal rule that says you have to apply a procedural ground before you decide the merits? Sotomayor There is not. Scalia So it's up to California which of the two it wants to use. Sotomayor That's correct. Ginsburg And if California, if it just says denied, then the presumption is it's denied on the merits, is that it? Sotomayor That's correct, a lack of a prima facie case. Ginsburg And if, so if it's going to be denied on time bar grounds, it has to be something to indicate that it's for that reason, otherwise we assume it's on the merits. Sotomayor That's correct. Typically, the citation is to Clark and Robbins, just as it was in this case. Sotomayor So how do we know that the California court just thinks that the Federal question is too hard and it doesn't want to reach it, may be meritorious? How do we know they are not applying the decision to reach the merits on an arbitrary and capricious basis, or one that seeks to avoid hard Federal questions? Sotomayor First is, this Court has never taken a position when measuring adequacy of assuming that the rule is inadequate. The starting position that this Court has always taken when looking at the adequacy of a State rule is to look for evidence to see if it can be shown to be inadequate. And I posit that there is no evidence in this case that's been presented to show that the State court is using their rules as a pretext of any kind. Kennedy Is it arbitrary and capricious for a court to take the ground of least resistance to decide the case on the easiest issue that's presented? Is that arbitrary and capricious? Sotomayor I posit that it's not. This Court endorsed in Lambrix that it's all right for courts to address procedural default after Teague if that's a more judicially efficient method of handling the matter. Strickland cases permit addressing either prong, whichever is easier under the circumstances. And so the State courts ought to be permitted to address habeas corpuses on whatever the easiest, most judicially efficient basis is, without being forced to answer a timeliness question if a case is patently meritless, and that there should be no finding of inconsistency about that. And more importantly, summary denials, as we're discussing here, don't afford any notice to litigants of what the State's procedures are or what they're thinking, because you have to guess. You have to guess at how long the delay was. You have to guess at whether there was any justification offered. So summary denials do not assist the inquiry. And this Court has never endorsed using summary denials in its adequacy measure. This Court has always looked to publish State cases that explicate the rule. This Court is looking to see whether the rule has been pronounced by the State for a certain amount of time, and then all of a sudden the litigant that's receiving the imposition of the rule receives a rule that was unexpected, either because the rule was changed or because the rule was novel. Nothing like that has happened here. Kennedy, the phrase is substantial delay. Are there factors other than temporal factors that go into whether or not the delay is substantial? That is to say, the prisoner had difficulty contacting his counsel and so forth. Is that what the Court looks at when it looks at substantial? And is there are there California cases that tell us how do we define substantial? Yes, Your Honor, to both. The kinds of circumstances you're describing are exactly the kind of circumstances which makes California's rule fair, because it considers how long it takes a litigant to find his claim, get it prepared, and get it into court. And there are, in fact, concrete examples. The Robbins case specifically provided that a 5-month window from the discovery of triggering facts to the presentation of the claim was a reasonable amount of time. By contrast, the Stankiewicz case provided that 18 months of delay from the discovery of a declaration was substantial and had to be justified. When does the State think that Mr. Martin's claim became untimely? Certainly he hasn't given any reason why he didn't present his additional claims at the time of his earlier habeas corpus challenges. Mr. Martin went through a full round of superior court, court of appeal, and supreme court challenges, and then waited some additional years and has never explained why he didn't include these additional claims in those earlier challenges. So you think it would be ---- I don't ---- this is along the same lines as Justice Kagan's. Suppose there is the first round of habeas, then he waits 60 days and files a new claim. Would that be substantial? Because you are indicating the failure to include it in the first review is a factor to be weighed against him, and I think that's what the Justice is inquiring about. Yes. It does weigh against. And it's a rule of reasonableness, and it's a discretion-based rule. And he would have to offer, well, why didn't he include those claims earlier? And if he had a good reason to do that, he could have done that. Scalia, isn't that a separate rule? I mean, no matter how soon, if he does it a week after, doesn't California have a rule that you can't come back with another habeas, with material that you could have produced in the former habeas? That's correct, Your Honor. So time has nothing to do with that. It's just a separate bar. California has articulated that successive petitions are a type of delayed petition. But you're right, there is a difference in California between successive petitions and delayed petition. And the ruling here is that he was delayed substantially. I was just addressing the point about when they might have been timely had they been presented earlier. And it appears that in the earlier, he didn't get a timeliness ruling in his earlier challenges. So it appears that he could have raised them then and did not. But if we can take out the second and successive aspect of this and just focus on the timeliness, when does the State think that this, that these claims were, became untimely? It's a rule of reasonableness and diligence that's circumstantially based. Well, you have the circumstances here. So under those circumstances, when did the claims become untimely? Under the Robbins case, it explains that you have a 5-month span from discovery of the claims to presentation of the claims would be reasonable. The claims here? The 5 months would be reasonable. So is a year unreasonable? Is 5 months the outer bounds? You know, assuming you don't have a good reason. I understand that if you have a good reason, that can lengthen it. But suppose you don't have a good reason. When does the State think, okay, that's too late? There isn't a defined timeline. But our position is that a defined timeline is not a necessity for adequacy. This Court has endorsed reasons of rules of reasonableness and diligence. For example, in the Federal prisoner context in Johnson v. United States, this Court said diligence and discovery, while it isn't exact, is good enough. Well, I'm trying to get to even around, you know, not exact. My standard is not exact. It's just around. Around what? Around 6 months, around 3 years, around someplace in the middle? The position of the State is that Robbins has indicated that 5 months is reasonable, 18 months is definitely too long, and that there is a discretion-based determination in the middle. Alitoso What if it's filed within 6 months and it's rejected as untimely, and the Petitioner wants to try to demonstrate that this represents a grave departure from the way these are normally handled by the California Supreme Court? Is there any way for the Petitioner to do that? He would point to the published authority and argue that his case was outside of the parameters of what the State had done in the past. However, our position is that since California's ruling is adequate, there would be no evidence of such available to this particular litigant. A hypothetical litigant might be able to proffer that prior cases had treated claims differently. And the other problem with California is that it would require two exact same litigants, and it's very rare for two exact same litigants to have the exact same claims, the exact same basis for their delay, file with exactly the same amount of delay. So true comparison is difficult. Scalia You think 5 years is too long, though? Atul Gawande Yes. Scalia You're not saying. Ginsburg This was taken over by California from capital cases, but in the capital case context, they have a 90-day presumption of timeliness. And when they extended the capital framework to non-capital cases, they left out the presumption that within 90 days is timely. Was there a reason for that? Atul Gawande Respectfully, I must disagree. It actually is the other way around. The capital case policies took the timeliness rule, took the general timeliness rule for themselves and added the presumption. Ginsburg Was there reason for them saying, well, in the capital context, we're going to make it clear that for 90 days, 90 days is timely? Why didn't they add that to the original rule? Atul Gawande To the other litigant rule? Ginsburg Yes. Atul Gawande They, I think, felt that the rule was adequate the way it was. That a circumstantially-based rule, a reasonableness-based rule was sufficient to guide the conduct of litigants to tell them what they needed to do to present their case. Ginsburg Well, why would it be different in the capital context? What was the reason for adding the 90 days there? Atul Gawande Capital cases are significantly more complex. The punishments are more significant, and so additional scrutiny might be warranted in those contexts. Sotomayor I'm a little bit confused by your response to Justice Scalia. I thought from your brief that you were positing that there was no claim of inconsistent application of a rule that could ever survive. Let's assume for the sake of argument the following hypothetically, and probably not far off the mark, litigants who don't know the law, who claim they're not educated in it, say that they have just learned about a new California case that gives them a ground to challenge their prior sentence. And the litigants learn about the case anywhere between 3 and 6 months of the issuance of the case by the Supreme Court. A dozen litigants apply for this discretionary review, and half of them are granted review and half are not. Half of them get a correction of the sentence and half of them don't. There is no difference between them. That's discernible. They each just claim ignorance. Is that a case where someone would be out of luck? And why? For a claim of inconsistent application. I didn't follow the hypothetical. Were some of the hypothetical individuals getting time barred? Getting time barred. Some are time barred. Some individuals were getting relief. Exactly. And is there yet a third set of people who are getting relief? No. Some, all of them are within that small framework of 3 to 6 months from the time the Supreme Court decision was issued. They all claim they just learned of it and filed immediately, and some are getting relief and some are not. Is that an inconsistent application that would be cognizable under your view of the rule as it should be? That sounds inconsistent to me, Your Honor. However, such a thing would not occur in California. I'm sorry, what? Such a thing would not occur in California. Well, that's the issue, which is what rule do you want us to impose and how does that rule capture that case? There's a specific exception for time innocent California to preclude fundamental miscarriages of justice. And anybody that had a meritorious United States case. You're not answering my question. I misunderstood it. Well, wait. Why do you concede that it would be bad? Can't the State, if it wishes, give grace to people who did apply late, but because the case is so meritorious or for any other reason? The issue is whether those people who filed 5 years later and knew that it was very late, whether they're entitled to have their cases heard, not whether the State allows somebody who filed 6 years earlier to have it heard. How does that do any injustice to the person who knew that 5 years was, you know, you're likely to be denied? I absolutely agree, Your Honor. The basis for my earlier comments was the, I believe the hypothetical was 3 to 6 months, which was a much shorter period of time. I don't see why the State has to be consistent in it. As a matter of grace, it can allow some people, so long as the people who are denied had every reason to believe that they were coming in too late, and 5 years is coming in too late. Just as occurred in this case, I absolutely agree, Your Honor. Sotomayor, but it doesn't answer why inconsistent application among similarly situated individuals should not provide an avenue of relief. This Court never referred to that. 5 years is different. I'm talking about treatment of similarly situated individuals differently. First, this Court has only looked at the treatment of this individual, not disparate  The rulings of this Court are not. So I don't disagree with you. So the question I have for your adversary is whether or not he can point to any case where a litigant who proffered something that was evident on the trial record and on the appellate record was ever granted a merits review after 5 years. because I don't see them proffering any case that shows that. But, and I think that may be your argument. Yes, exactly. But no one in the Court has ever said that. Alito, I don't understand your answer, then. You have, let me just adapt what Justice Sotomayor said. You have cases, a Supreme Court case is decided, and then you have 10, 10 habeas Petitioners in California who file on exactly the same day, and 5 of them, if you were to get to the merits of their claim under this new decision of this Court, 5 of them would be entitled to relief, 5 of them would not be entitled to relief on the merits. And the California Supreme Court holds that the 5 who would be entitled to relief are procedurally barred, and the 5 who are not entitled to relief on the merits are not, and they are rejected on the merits. Now, would that be an adequate State ground? Well, I'm not sure. It doesn't happen in California that way. No, I know, and I'm not suggesting that it would. But if it were to happen, would that be adequate? It doesn't sound like it would be adequate under this Court's prior tests. So fair notice is not the only requirement. This Court has also required legitimate State interests, and this Court has used the legitimate State interest context, like, for example, in Smith v. Texas, where this Court has declared a particular kind of violation was a constitutional violation. And the Court exercised its discretion not to reach the violation. This Court found that the State had no legitimate State interest in such a ruling. Our point is that the cases that you're using in which we insisted upon adequacy in the sense of equal treatment of equal people are cases in which the effect of the State decision was to exclude the matter from Federal supervision. The matter could not come before the Federal courts. This is something quite different. This is applying a time limit. I don't see why we have to apply the same rule and look into the whether it's not discretionary. I mean, to say it's discretionary always means that sometimes similar cases may be treated differently. Yes, Your Honor. So I don't know why you concede that we take an adequacy rule that's used for one purpose and should apply it to a totally different situation. It was the meritorious nature of the claims. And in California, meritorious claims don't receive the time bar because there's exceptions that take those into consideration. Scalia But none of this is a device as is used in the cases that you're referring to that go into adequacy, a device to exclude the Federal courts from the case. That's not what's going on here, is it? That's correct. Breyer I guess if the situation were such that a lawyer who's representing a client and has to figure out is there been too much delay or not, suppose he looked into the situation thoroughly and he said, gee, I just have no idea, because half the cases come out one way and half of them come out the other way. Could he then go to the California Supreme Court and say, Court, look what you've been doing? And would the Court then grant a hearing on that and possibly correct it? Well, in California there's no such evidence, but I suppose if the lawyer could All right. So you're saying there is no such evidence. That's correct. That's what I suspect from reading this. But if there were such evidence, is there a route in California that they could deal with it? Certainly. Yes. But that's not a question of adequacy, is it? It's a question of notice. That's correct, Your Honor. Well, adequacy of notice, because no notice might be an inadequate notice. That's correct. And if it's absolutely divided 50-50, you have no notice. You don't know what will happen. And it isn't a rule to say, this is our rule, you don't know what will happen. Within an area of discretion, like, for example, the finding of whether a piece of evidence was hearsay, if the Court down the hall finds the evidence should be excluded and the Court in the next room says it should be admissible, that isn't necessarily an abuse of discretion. I agree with you. We are in hypothetical never-never land so far. But it's possible your opponents will convince us it's real land and not never-never land. And for it to be real, just so I understand, for it to be real, you have to have a defense counsel, a client comes to him with a non-frivolous Federal habeas claim, and the defense counsel says, I can't tell whether we're going to be barred by this time rule or not. Some courts looks like we will, some don't. So what? Of course he's going to file the Federal habeas and see if it's determined to be adequate or inadequate, correct? California's rule is perfectly suited to such a scenario. All that litigant has to do is explain why they didn't bring the claim sooner, either from late discovery or some other impediment, and the substantial delay can be justified with exactly those sorts of circumstances. Kagan-Goldenberg What happens if a person in this position is trying to investigate multiple claims at once and some of them are ready to be put before the court and others are not? How does he know, look, I really better get in there right now and put whatever I have before the court or, look, I have a little bit more time in order to investigate some of my claims further? How does he make that determination? The Gallego case specifically speaks to that exact circumstance and provides that if you have a good faith basis in investigating further triggering facts, you may withhold the claims that you've already prepared to prevent piecemeal presentation. And that's a perfectly acceptable explanation in California. Why is it, Mr. Marshall, that the California courts have not been a little bit more transparent about what the presumptive time limits are? You know, look, it's around a year unless you have a good reason. You know, at least we're taking 3 years off the table. I mean, why don't we have decisions like that from the California courts that would help folks here? Well, other than the Robbins decision, which speaks of 5 months as being reasonable, the Court has tried to maintain a discretion-based, circumstantially driven analysis in which they take different litigants into consideration. One litigant may be in a maximum security prison and only gets to go to the library once a month. Another litigant may be in a minimum security prison. He can go to the library every day. Those two litigants are going to be different and should be treated differently. And if I might reserve the remainder of my time. Thank you, counsel. Mr. Bigelow. Mr. Chief Justice, and if it please the Court, the adequacy inquiry is framed by asking whether the State rule in question is firmly established and regularly followed. At its core is the prevention of State courts from declining to enforce Federal rights and to maintain Federal authority over the protection of constitutional rights in the Supremacy Clause. In its brief at page 7, the State would seem to agree that a rule is inadequate unless earlier decisions of the State court are at least consistent. Well, what did you present below, or what has Habeas Corpus Resource Center presented? A case with a 5-year delay where the claimed errors are apparent on the trial record and the appellate record and no justification for the delay is proffered. Those are the three seminal facts that go to the requirements of Robbins and the other Supreme Court, the California Supreme Court cases. Do you have one case that's similar where the Court went to the merits? Saunders was a 5-year case. That's cited in my brief. Was that someone who made a claim based on the trial and appellate record with no justification? I'll speak to justification in just a moment, if I may. And Jones was an 8-year case. Amicus brief, the Resource Center, cited Cooper, Duke and Hardiman. Cooper was a 5-year case. Those were both IAC claims which appear to, with respect to the Saunders and the Jones case, I cannot, I do not know specifically what the claim was as I stand here, and I apologize for that. But let us look at justification for just a moment. The justification offered in those cases was that the habeas Petitioner was ignorant and had no counsel. Now, I will represent to you that in the State of California, 99.9 percent of the lawyers, 99 percent of the Petitioners who file aren't represented by counsel and aren't lawyers themselves. And I will represent further that probably 98 percent, 99 percent have no more than a twelfth-grade education. Scalia, these cases that you cite, before you go any further, are they cases in which the California Supreme Court came out with an opinion, saying that 6 years was okay, or are they just cases where, without an opinion, the California Supreme Court went to the merits? They are — well, in the Saunders case and the Jones case, there were, I believe that there were decisions in — there were decisions. These cases predated the Clark-Robbins situation. In the Cooper case and the Duke case, those cases were both. Scalia, what do you mean there were decisions? Were there written opinions or just went to the merits and decided the merits? Did they say anything about the delay question? They did say something about the delay question in at least two of the cases — well, at least in one of the cases, in the Mitchell case, which was a 2-year delay. They said 2 years is unreasonable, but I didn't cite those. And I cannot speak to what the other side says. Unless there is an opinion, the reason they may have gone to the merits is it was just a lot easier. They didn't have to worry about it. Verrilli, to that extent, it's my recollection they went to the merits. They are not silent denials and they don't cite Clark-Robbins because they predated Clark-Robbins. With respect to the Cooper case and the Duke case, those, I believe, were silent denials. Now, and that's the interesting thing about California. We are presuming, we are presuming, and this Court has reached that presumption that they are merit denials when they are silent. But we really don't know. Breyer, so that's a puzzle to me. I mean, Justice Scalia's question was courts all the time, all the time, they don't decide an issue of whether it's filed too late, because it's the simplest thing, just decide the merits. It's the same result. And sometimes they don't do that. But that happens often in a district court on appeal and triple in a Supreme Court, which has hundreds or thousands of questions for review. So how do we know that that simple practice, which I've never heard of as a tact as unconstitutional, how do we know that that isn't what's going on? Well, in any given year recently, in recent history at least, there are about 800 truly silent denials, no explanation. Now, the State says we can't consider them because they mean nothing. From our perspective, they have to mean something. And they have to count because we don't have the information. The litigant in this matter is — doesn't have the same kind of resources, for example, that the State does. But that's — they — what's your point? 800 are silent. What does that show? They've got to count in the adequacy, in the consistency application, they've got to count against the Petitioner. Why? Because the Petitioner is the one who has the resources and has the opportunity. Breyer. I mean, but then you can make any claim against him as to what — I mean, what I wonder, maybe this is where I'm leading. California's Supreme Court is not the only court in California where people file for habeas petitions, is it? No. The appellate court. Yes. So why, if there's inconsistency in this rule, wouldn't somebody go look at the decisions of the appellate courts, which write their reasons down? And then you would know whether it is being decided, applied inconsistently or not inconsistently. Why look at a blank wall? Why not look at people who write opinions, and then you'll find out? Not all — not all habeas petitions in California are filed in lower courts. No, of course not. But is your claim, are you conceding? I'm sorry. Are you conceding? Are you denying? Are you just saying nothing about whether the practice in this rule, applying the rule of substantial unexcused delay, disqualifies you for a — that's the rule, isn't it? That's the rule. All right. Are you saying it is being applied consistently or inconsistently or you do not know in all courts below the California Supreme Court? In all courts below, I do not know, because I do not know. So you don't know. So what you've come — what you've done your research on are questions that cannot be answered due to the fact that a Supreme Court normally doesn't say why when it denies something, but you haven't looked into the research that is readily obtainable, which is to — these are courts that write opinions. Is that — have I gotten that correctly? Because if that's correct. That would be a correct statement. All right. Then I don't see why you didn't, because it would be so easy if you're right, to show this from the lower courts. But, of course, if you're wrong, it wouldn't be easy. Then a blank wall is better than nothing. What can you say that will disabuse me of the notion that I just expressed? The lower appellate courts, there are six. There are six district courts. There are six appellate districts, I guess, within the State of California, and who knows how many superior courts. For a Petitioner to examine the holdings, the rulings in each of those districts would be virtually impossible. The only one — for a Petitioner who is in prison, who is unrepresented by counsel, and let's not forget that non-capital habeas Petitioners, and this is non-capital habeas Petitioners, is not represented by counsel. Breyer, he doesn't have to be this way. Breyer, there is a thing called sampling techniques, and sampling techniques are designed to limit the burden. I'm not saying it wouldn't be burdensome, but you have examined thousands of cases. And so I'm back to my original question. And statisticians, many of whom would like to help you, perhaps, you can find some, could do this for you, I think. And amicus did it with respect to the California Supreme Court. The wrong court. And amicus did it from the time that the case was filed, while the rule is you start the period of running from the case it was reasonably, the person should reasonably have known his issue, which isn't the same time as the time his case was divided against himself. Roberts. That's an excellent point the Court makes, and it is that nobody in this room, nobody in this room can tell this litigant when his petition was filed late. And so. Well, but everybody in this room can tell him that he is obligated to file the petition as promptly as the circumstances allow. He has complete notice of that. And if he wants to go and do the research and say, well, here's one where they let it in after 5 months, but here's one where they didn't leave it in after 9 months, and he sits there and decides, so I'm going to wait 9 months and put my money on that court. That person, that is not a scenario that's likely to happen, right? That, that, that, that, it is not a scenario that is likely to happen, but the construct that the Court has, has, as promptly as circumstances would allow, shows up in a footnote in a capital case. That. You're not challenging that as the State rule, are you? That is the State rule that they proffer. That is the State, that is the rule that the State proffers. Now let me change topics. And what I'm suggesting is, that that rule is so vague and unknown, in the context at least, of habeas litigation, no one understands what that rule means. How prompt is fault? Kaganin술Mr. Bigelow, is that right? I take your point that nobody can say exactly when Mr. Martin's claims became untimely, but 5 years is untimely, isn't it? 5 years is not untimely if I mean, if there's a very good reason. But 5 years without an explanation, why is that a hard question? Even with an explanation, 5 years is not beyond the pale of cases that have been previously decided and with respect to similarly situated litigants. Other cases in California, and don't forget, please, that the Habeas Corpus Research Center took only a small sample of a single day, and that was the day that Martin's decision came down. And they didn't look at possible justifications at all, correct? There was no justification with respect to Mr. Martin's petition, that's correct. No, no, I'm not asking about Mr. Martin's. The analysis that the amicus undertook simply looked at the chronological time. They did not consider the fact that, for example, somebody with 3 years might have had an explanation, somebody with 1 year might not have had any. And they may view those cases as different cases. I would disagree. I think that they did, in fact, look at explanations for delay. And a curious thing that they did find, which is in their brief, is that even though cases which offer a brief explanation for delay, there were no explanations for delay. Roberts, did they look for explanations for delay when you had the one-sentence denial? I think the short answer to that is yes, but they also looked at silent denials as well. So they found that where there was no explanation for delay, more of those cases were decided actually on the merits than cases that did offer a delay. So there's a gross inconsistency, a gross inconsistency between the need for justification of delay. You all agree? How much range are you willing to give the State? Do they have 3 months' range? I mean, if you come in and say, well, here they were filed in 9 months and they were allowed, and here they were filed in 6 months and they weren't allowed, is that a problem under our consistency requirement? It wouldn't be a problem, that would be a discretionary rule, if there were guidelines, if there were guidelines. No, it says as promptly as the circumstances allow. And then go back and say there's a 3-range, 3-month range. Oh, if they went back with decisional law, decided the range. You do the same sort of research you've done here, and you find out that there's a 3-month range. Sometimes, I mean, there are cases, and you can show a lot, where they are allowed at 9 months and then you find cases they're not allowed under 6 months. I would be in a lot more tenuous position arguing this case if there was some guidance to litigants with respect to what does constitute a reasonable time period within which to file. And suppose California had a rule that said that you have to file within 1 year of the finality of the conviction, absent good cause for the delay. If that were the rule that California had, your client certainly would be untimely and you wouldn't have a leg to stand on, right? If that were the rule, the petition would have been filed timely. That's my answer. That is my answer to that question. Had that time period been known, the petition would have been filed timely. Ginsburg. But if there is a requirement of prompt, as promptly as circumstances permit, wouldn't a person know that 5 years is not as prompt as circumstances permitted? My answer is no, because in California there are no guidelines. That came in the Clark decision, which was 1993, and nothing has been decided in the State of California to define, to clarify, to narrow what constitutes promptly. What constitutes promptly? Why was this petition not filed for 5 years? I'm sorry? Why was this petition not filed for 5 years? The record is does not speak to that point specifically. But didn't this come about because it was returned? This was no, I'm thinking in that case. He didn't make any claim that he was diligent. I'm sorry? He didn't make any claim that he was diligent in filing it 5 years late. There were no claims made excusing the filing at that time period. Scalia. Let's assume that California had just adopted this rule, that habeas petitions have to be filed as promptly as circumstances permit. They've just brand new adopted it. And you're the lawyer for somebody who says, you know, I think I'm going to wait 5 years. Don't you think that even if there were no California law on the subject, you would know that his habeas claim is going to be denied? If this were a case law to tell you that 5 years is not as promptly as circumstances permit, when you have no justification. Decisional law is what our system is all about, Your Honor. So you can't have a first case? No. I think you can have a first case so long as the standard itself is not so vague that reasonable men are able to understand the standard. You think reasonable men differ about 5 years? Well, my question is this is similar to the rule that governed Federal habeas review prior to AEDPA? Similar kind of delay standard, whatever delay means? If I recall, the standard was prejudicial delay, if I recall correctly. And prejudicial delay, if I'm correct, is a quantifiable standard. It is a standard that has, over the years, come to be understood. There was a shared expectations with what prejudice encompassed. And so, yes, it's similar, but it's not exact.  And if I may, California clearly understands that case law can offer guidance to litigants. In Ray Harris, a case cited by both of us, by both parties, the State of California was concerned about the Waltrius rule, which is another procedural bar. And it went on to acknowledge that it wasn't clear at that time, and it went on to explain what the Waltrius rule was all about and why it was needed. In another case more recently, the State of California, a case not cited, the Kelly case, it's a 2006 case. The California Supreme Court directed its lower courts, over which it supervises, to provide greater detail in their analysis of Wendy briefs, which is the State's alternative to the Anders brief, in order to provide guidance to litigants, to provide guidance to litigants who may be called upon to determine procedural bars. Now, I understand that you'd have a much stronger case if you were dealing with a judge-made rule about timeliness, if the courts on their own authority said, look, we're not going to look at things that are filed 4 years late, because that prejudices the State, it prejudices us, et cetera. But here you have something different. You have a rule, right, an established rule. It's a rule that is put promptly as the circumstances allow. Scalia. Roberts. Judge made. Judge made, but it's been around for a long time. This isn't a new rule that's just coming in. So a rule in a footnote in a capital case. Well, let me get back. I tried to, when you made that point earlier, I wanted to follow up on it. Your claim is not that you don't know or defendants in California don't know that the rule is as promptly as the circumstances allow, do you? No. No. I thought you had fair notice of that rule. Yes. Okay. Just not the parameters of the rule. And the parameters of the rule, the guidelines which guide judges, which guide litigants, is just simply not there in California, either with respect to that rule, with respect to substantial delay. Is it your argument that the California Timeliness Rule is never an adequate rule, never can proceed, never can bar consideration of a Federal claim? The ---- had the rule been applied even-handedly, had the rule been applied consistently, it would certainly be more adequate. However, and getting back to Justice Scalia's point, it has never been fairly defined. So it does not fairly---- What if Mr. Walker had waited 20 years? Would it still be inadequate as to him? That's not this case. The rule hasn't been ---- the rule has not been fairly set out, at least the guidelines haven't been set, and it might be---- Well, why can't you take the brackets of five ---- what was it? Five months is reasonable time. Eighteen months is not a reasonable time. Mr. Martin falls outside of the 18 months. Certainly one could do that, but that hasn't been established as the brackets. And it is, after all, California's rule, and it is California which needs to make that determination. Now, it's not as if California hasn't actually tried to do that. I thought there was a decision that said 18 months is too long. Not a decision that said that. These were extrapolated. Now, I beg your pardon. There was a decision that said 18 months is too long. There was a decision that said 16-month period, but that was pre-Clark. That was a pre-Clark decision that actually did say 16 months, after all, is not a particularly long period of time. And another decision ---- I beg the Court's pardon. Another decision said that the 2 years wasn't a particularly long period of time. But those are pre-Clark decisions, if you will. And this case is relying upon, or the State Act, rather, is relying on what has come after, after Clark with respect to its, as promptly as the circumstances should allow. But the other point that I would like to make, it's not as if the State of California doesn't understand the need for a finite period of time to provide guidance to all parties. In Sappold, the State requested this Court presume a filing period. I think it was, I want to say, 60 days. More recently in Chavez, a filing period was requested be presumed again by the State. In both occasions, this Court declined because it isn't this Court's prerogative to set rules for the State. What this Court did do is it certified the question to the State of California, or they asked the Ninth Circuit at least to certify the question to the State of California. The Ninth Circuit did exactly as this Court asked it to do and certified the question. And the State of California said, we're not going to tell you what a timeliness period is. Now, that does not help pro se litigants with minimal education, without benefit of counsel, who are the vast majority of habeas Petitioners in the State of California. Alito, there are times that they're not. Alito, how many of these petitions are filed each year in the California Supreme Court? Approximately 2,500, give or take. Approximately what? Approximately 2,500, based on a LexisNexis. With that many petitions, is there any possibility that a multi-factor test such as the one that California is applying could be applied with any degree of regularity, unless there's some sort of secret internal guidelines that are being applied by the California Supreme Court in deciding this? That's the problem. The test that is applied without guidelines, without any kind of guidelines, judicial discretion, judicial discretion is informed discretion. It is not discretion. It's judgment pursuant to known guidelines. It is not a judgment issued pursuant to inclination. And the concern is that with this kind of amorphous standard, inconsistent and arbitrary application, is impossible to apply. Breyer, it's like having rules. When you have rules and say 60 days or 90 days, you find impossible cases that you should have heard because it was the 91st day or it was the 92nd day. Then you give the people equitable discretion to depart from it, and pretty soon you get litigation over that. I mean, there's no perfect system. Discretion to depart from a rule that has been violated is one thing. Here, there is no quantifiable or known parameters within which discretion So is the solution for California to say if you delay more than a year from when you should have known, you're barred, except we'll excuse it for any number of reasons? Certainly. And that would be a regularly and consistently applied rule in your mind? Well, that would be enough. It wouldn't necessarily be consistently applied until we're down the road and we learn how consistently it has in fact been applied, but certainly it would be an appropriate rule. You may be — you better be careful about what you wish for, because I am not sure that the kind of system that's being proposed is going to be better for habeas applicants than the one that California now has. We really don't know that, do we? We — if a — if we collectively screamed and yelled when AEDPA passed with its 1-year statute of limitations, we've learned to live with it and we meet the deadlines because we know what the deadlines are. And pro se litigants who don't know deadlines generally are going to live with knowing that what? They've got a better chance of — they've got a better chance of meeting deadlines if they know what those deadlines are. And there's nothing to take — there is nothing to take the flexibility from California's Supreme Court if there is a deadline. Breyer. Well, what about this? That's why I go back to the lower courts. If there really is a problem here, why wouldn't the bar look into how well this practice is working in the lower courts and find out, well, what is the practice? How do they use it? Do we want more flexibility? Do we want more definite rules? That's — I agree that you put your finger on a problem, an important problem. I'm not at all certain that the one system is better or required or compulsory. The red light is going to go on in about a minute. Let me answer it this way. The most powerful court probably in the world requested clarification of the rule and didn't get it. I don't know who else is going to, unless there are other questions. Roberts. Thank you, counsel. Mr. Marshall, you have four minutes remaining. This Court has explained in Duggar v. Adams that a handful of inconsistent cases do not undermine the adequacy inquiry. And unless the inconsistency becomes so profound that it undermines fair notice, it should not matter that there are some different rulings that can be shown. There's no reason to think that a rule that has a bright deadline and then takes into considerations after the deadline is somehow preferable to a rule that takes into consideration discretionary circumstances in the first instance. And unless there are any further questions. Thank you, counsel. The case is submitted. The Honorable Court is now adjourned until tomorrow at 10 o'clock.